IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BRUCE MARTER                                                                                    PLAINTIFF

v.                                           Civil No. 1:19-cv-1029

POTLATCHDELTIC CORPORATION
and JOHN DOES 1-3                                                                        DEFENDANTS

### ORDER

Before the Court is Plaintiff Bruce Marter's Motion for Substitution of Defendant PotlatchDeltic Corporation. (ECF No. 7). Defendant PotlatchDeltic Corporation has not responded and its time to do so has passed. *See* Local Rule 7.2(b). The Court finds the matter ripe for consideration.

On May 10, 2019, Plaintiff filed this negligence action in the Circuit Court of Ashley County, Arkansas, alleging that he was injured in an incident at a lumber plant owned by Defendant. On June 17, 2019, Defendant removed the case to this Court.

On July 2, 2019, Plaintiff filed the instant motion. Plaintiff indicates that Defendant's answer states that it is not the owner of the lumber plant where Plaintiff's injuries occurred and that the plant's owner—and thus the correct defendant—is a separate entity, PotlatchDeltic Land and Lumber, LLC. Therefore, Plaintiff moves pursuant to Federal Rule of Civil Procedure 25, seeking to substitute PotlatchDeltic Land and Lumber, LLC in place of Defendant as a party to this case.

Rule 25 provides for the substitution of parties in four situations: (1) if a party dies while litigation is ongoing; (2) if a party is judged to be incompetent during litigation; (3) if a party's interest is transferred to a third party; and (4) where a public official, sued in his official capacity,

ceases to hold office. Fed. R. Civ. P. 25(a-d). Rule 25 is inapplicable if a change of parties is desired for a reason other than the four circumstances to which the rule is specifically addressed. *See* Charles Alan Wright et al., 7C *Federal Practice and Procedure: Civil*, § 1951 (3d ed.) (collecting cases). If a change of parties is sought for a reason not contemplated by Rule 25, "[i]t is necessary then to consult Rule 15, on amendments." *Id.*

Plaintiff does not indicate that any of the four Rule 25 circumstances apply to warrant substitution of PotlatchDeltic Land and Lumber, LLC in place of Defendant. Instead, it appears that Plaintiff merely wishes to replace an incorrectly sued party with the proper entity. Rule 25 is not the appropriate procedural mechanism for Plaintiff to do so under these circumstances. Rather, Plaintiff should seek to amend his complaint pursuant to Federal Rule of Civil Procedure 15 and Local Rule 5.5(e). If Plaintiff files such a motion, the Court will take it up in a separate order.

For these reasons, the Court finds that Plaintiff's Motion for Substitution of Defendant PotlatchDeltic Corporation (ECF No. 7) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 18th day of July, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
